Opinion of the court delivered by
Judge Peck,
This action of ejectment was commenced in Washington county. The declaration contained two counts; one on the demise of Smith, the other, on the demise of Brown. Bo-ren and Drain were admitted to defend with Mrs Casa-day, upon whom the process was originally served. On the trial, the plaintiff read in evidence, the copy of a grant from North Carolina, dated 17th November, 1790, to Joseph Brown, one of the lessors, and proved, that at the time of bringing this ejectment, Mrs Cassaday was in possession of the premises in dispute; and there rested his case.
The defendant then read in evidence to the jury, a grant to Moses Meek, dated 14th Jan. 1793, for 108 acres, which it was insisted, covered the same land; also an' entry on which said grant was founded,in these words; Moses Meek, 150 acres on the east of William Thompson’s line, and to the west] from Robert Young’s line, beginning at a dividing ridge between Watauga and Noli-chuclcy, on the waters of the Watauga.”
They then read a deed from said Meek to Thomas Orr, for said land. Then they offered to read a deed from said Orr and Samuel Johnston for the same land, to John M. Smith, the lessor of the plaintiffs, and Benjamin Drain, one of the defendants. ‘ This deed was objected to on the ground, that the certificate of probate was insufficient. It is in these words: “Washington County, *239 August Sessions, 1799. This deed was duly admitted to record; let it be registered. Test, James Sevier, C. C.” Thc court permitted the deed to go in evidence to the jury, it being proved that possession by Smith and Drain, had accompanied the deed from its date.
Deeds from John M. Smith to the defendant, Chaney Boren, and from Joseph Brown to Harvey, and from said Harvey to John M. Smith, were introduced by the defendants. That from Brown to Harvey was admitted to registration on this indorsement: “May Sessions, 1802. This deed recorded, let it be registered. James Sevier, C. C.” These deeds were also objected to, but admitted by the court to be read as evidence.
There is much evidence in the record concerning the boundary of the lands in dispute, which it is not deemed necessary to notice; because we are inclined to the opinion, that the court would not have differed from the jury in drawing conclusions from that portion of the testimony. Nor does the court think it important to notice the charge of the court.
The jury found a verdict for the defendants. A new trial was moved for and overruled, and this writ of error is prosecuted from the judgment rendered.
The admission of the deeds from Orr and Johnson to Smith and Drain, and from Brown to Harvey, was illegal, and upon that ground, this cause must be reversed. The evidence of probate, if it can be called such, is less formal than that in the case of Cox vs. Bowman’s lessee, (a) There the certificate was,“this deed was legally admitted to record.” It is only necessary to repeat what the court said in relation to the certificate in the case just cited, to determine the cause before us. “It is not said, (say the court in that case,) in what county, or upon what ground, whether because proved by witnesses or acknowledged by the bargainor, or for some other cause. Had there been upon the deed, and in the record book of *240 the clefk, any intimation that the witnesses were sworn, , , , , , . , or any acknowledgment made, the court would very probably; at this distant period of time, presume the was the right one, or even without such intimation, had it appeared that since the time of making the indorsement in February, 1802; the bargainee had been in possession according to the deed,-then this court would probably presume that the admission to’record was upon legal grounds; either by proof of the witnesses, or an ac-knowledgement by thtf bargainor. Butin the absence of any such intimation, and no proof of possession accom-' panying the deed, the court would go too far, should it presume that the admission to record was because of probate or acknowledgment.” It is said, however, that the deed from BroWn to Harvey, was not offered as evidence of title, but introduced collaterally, on the question of boundary. It is a full answer; to say; that if offered for any purpose; it must be provedas the law requires. ■How is it to be known as a genuine instrument, unless proved? We will not stop to inquire for what purpose' the deed was offered; complex and difficult as the question of boundary is; it would be hard for this court to say, whether the deed was offered to fix a line, or show an outstanding title.- It is enough to say,-when received for any purpose, the evidence was illegal.
We regret the necessity Of reversing this judgment,believing that in all probability the justice of the case had been attained in finding for the defendants. But the rules for the admission of evidence must not be relaxed. In the case of Cox vs. Bowman’s lessee, the court has gone as far in sustaining imperfect certificates of probate, as it is possible to go without wholly disregarding the provisions of our registration laws.
The deed from John M. Smith to Boren, was also improperly received. The certificate is in these words: “State of Tennessee, Washington County, January Sessions, 1820. This deed was duly proven in open court; let it be registered.” How proved is not shown, whether by the subscribing witnesses or not; and though pos *241 session may have accompanied this deed, from the date, (1819,) still this is not such an ancient deed as should have been received under the opinion delivered in the case of Cox vs Bowman’s lessee. There it is fixed at 20 years; and we will follow that decision.
Judgment reversed,.

 Reported, ante 108.